UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICIA J. CURTO,

        Plaintiff,

v.                                         18-CV-695 (JLS)

ERIE COUNTY WATER AUTHORITY,
EARL L. JANN, JR.,

        Defendants.
_____

## **DECISION AND ORDER**

On May 24, 2018, *pro se* Plaintiff Patricia J. Curto commenced this action in New York State Supreme Court, Erie County, under the United States Constitution and various federal and state statutes, including 42 U.S.C. § 1983. Dkt. 1-2. Defendants removed the case to this Court on June 19, 2018. *See generally* Dkt. 1. On October 3, 2019, this Court referred the case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).[1] Dkt. 19. On March 6, 2020, this Court accepted and adopted Ju dge Scott's Report & Recommendation ("R&R") to grant the motion to dismiss without prejudice and grant Curto leave to file an amended complaint. Dkt. 29.

---

[1] Judge Vilardo, to whom this case was originally assigned, made the initial referral to Magistrate Judge Scott. *See* Dkt. 19. The case was subsequently reassigned to Judge Sinatra (Dkt. 26); the pending motion to dismiss was referred to Magistrate Judge Feldman (Dkt. 45); and the case referral was reassigned to Magistrate Judge McCarthy (Dkt. 46).

Presently before the Court is Judge Feldman's R&R addressing Defendant's motion to dismiss Curto's amended complaint. As set forth below, this Court accepts and adopts Judge Feldman's recommendations and grants the motion to dismiss in part.

## BACKGROUND

This Court assumes the parties' familiarity with the details of this case, outlined in the prior R&Rs, and will provide only a brief summary of the relevant background.

Curto alleges that in March of 2017, an employee from the Erie County Water Authority ("ECWA") left a notice, with a checked box for an "application for service," on her property at 20 Hazel Court. See Dkt. 30 ¶ 2. This individual walked across Curto's property and spoke with Curto's neighbor, despite no trespassing signs being posted on her property. Id. ¶ 3. Subsequently, ECWA terminated water service to Curto's property. Id.

On May 24, 2018, Curto filed suit against Defendants ECWA and Jann in state court, asserting various state and federal causes of action. See Dkt. 1-2 (copy of state Summons and Verified Complaint). On June 19, 2018, Defendants removed the case to federal court. Dkt. 1. Defendants filed a motion to dismiss (Dkt. 8) on July 19, 2018, and Curto filed a motion for default judgment on September 6, 2018. Dkt. 15.

In an R&R dated November 26, 2019, Judge Scott recommended denying the motion for default judgment; granting, without prejudice, the motion to dismiss;

and permitting Curto to file an amended complaint within thirty days of final adoption of the R&R. *See generally* Dkt. 23. This Court accepted and adopted the R&R in full on March 6, 2020, including the recommendation to allow Curto an opportunity to amend the complaint. Dkt. 29.

Curto filed an amended complaint on April 3, 2020. Dkt. 30. Defendants moved to dismiss the amended complaint on April 24, 2020. Dkt. 33. On March 31, 2021, Judge Feldman issued an R&R recommending that Defendants' motion to dismiss be granted in part and denied in part. *See generally* Dkt. 47. Specifically, Judge Feldman recommended that all claims against Defendant Jann should be dismissed, and all claims against Defendant ECWA should be dismissed except for the procedural due process claim, the takings claim, and a state-law trespass claim. *Id.* at 37.

Both parties filed objections. Dkts. 50, 51. Defendants objected on the following grounds: Curto, as a consumer, consented to Defendant ECWA employees entering her property and cannot maintain a trespass claim; Curto has not alleged a property interest to support a procedural due process claim; Curto has not alleged facts sufficient to support a regulatory taking claim; and Curto has failed to show an injury in fact that is concrete and particularized and fairly traceable to the challenged action. Dkt. 51, at 5-13. Curto objected to the recommended dismissal of her claims, primarily arguing that Judge Feldman applied an incorrect legal standard to examine the sufficiency of her claims. *See generally* Dkt. 50. Briefing on the objections was completed May 24, 2021.

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed Judge Feldman's R&R, the objections and responses, and the relevant record in this case. Based on that *de novo* review, the Court accepts Judge Feldman's recommendations to grant the motion to dismiss in part and deny it in part. Curto's claims against ECWA alleging a procedural due process violation, takings, and state-law trespass may proceed. The remaining claims are dismissed.

## CONCLUSION

For the reasons stated above and in Judge Feldman's R&R, Defendants' motion to dismiss (Dkt. 33) is DENIED in part, as follows: Curto's claims against ECWA alleging a procedural due process violation, takings, and state-law trespass may proceed. The motion to dismiss is otherwise GRANTED.

The case is referred back to Judge McCarthy for further proceedings consistent with the referral orders in this case. Dkts. 19, 45, 46.

SO ORDERED.

Dated: July 8, 2021
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE